IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>LUCKY'S HOME CARE, LLC,<br>and CHERYL MCMILLER,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 2:22-cv-1144<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED<br>)<br>)<br>) |

**COMPLAINT**

Plaintiff, Martin J. Walsh, Secretary of Labor, United States Department of Labor ("Plaintiff"), brings this action to enjoin Lucky's Home Care, LLC and Cheryl McMiller, individually and as a member and officer of the aforementioned limited liability company, (together, "Defendants"), from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* ("the Act"), and for a judgment against Defendants in the total amount of back wage compensation found by the Court to be due to any of the employees of Defendants pursuant to the Act and an equal amount due to the employees of Defendants in liquidated damages.

1. Jurisdiction of this action is conferred upon the Court by Section 17 of the Act, 29 U.S.C. § 217, and by 28 U.S.C. §§ 1331 and 1345.

2. Defendant Lucky's Home Care, LLC ("Lucky's") is a limited liability corporation duly organized under the laws of the Commonwealth of Pennsylvania. Lucky's maintains a principal place of business located at 524 Franklin Avenue, Aliquippa, Pennsylvania, within the

1

jurisdiction of this Court. Lucky's is in the business of providing home care services and operates out of this same location within the jurisdiction of this Court.

3. Defendant Cheryl McMiller ("McMiller") is a member of Lucky's and controls day-to-day business operations there. McMiller directed employment practices and has directly or indirectly acted in the interest of Lucky's in relation to its employees at all relevant times herein, including determining compensation policies that applied to employees. McMiller resides in Monaca, Pennsylvania, which is within the jurisdiction of this Court.

4. The business activities of Defendants, as described herein, are and were related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

5. Defendants employ persons in domestic service for profit, which affects commerce per Section 2(a)(5) of the Act, 29 U.S.C § 202(a)(5). Lucky's employees who are employed as home health aides provide in-home caregiving services to Lucky's clients, which includes shopping, housekeeping, meal preparation, 24-hour care, grooming, and meeting health needs, all of which involves products or goods that have been moved in or produced for interstate commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00.  Therefore, the employees of Defendants are employed in an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act, 29 U.S.C § 203(s)(1)(A).

6. The home health aides that Defendants employ are engaged in "domestic service" as defined in 29 C.F.R. § 552.3 because they engage in "services of a household nature" performed "in or about a private home." Therefore, these employees are covered by Section 2(a) of the Act and as defined in 29 C.F.R. § 552.3.

7. Defendants willfully violated the provisions of Sections 7 and 15(a)(2) of the Act by employing their employees in an enterprise engaged in commerce or handling goods or materials that have been moved in or produced for commerce for workweeks longer that those prescribed in Section 7 of the Act without compensating said employees for employment in excess of the prescribed hours at rates not less than one and one-half times their regular rates. Therefore, Defendants are liable for the payment of unpaid overtime compensation and an equal number of liquidated damages under Section 16(c) of the Act.

8. For example, during the time period from at least October 20, 2018 through October 9, 2021, Defendants failed to compensate their employees employed as home health aides at rates not less than one and one-half times their regular rates when they worked over 40 hours in a workweek. During this time period, these employees worked at least one hour in excess of forty per workweek. Some of Defendants' employees often worked, for example, as many as 70 hours in any given workweek. Defendants paid these employees established regular hourly rates ranging between approximately $8.00 and $13.00 per hour. During the vast majority of workweeks from at least October 20, 2018 through October 9, 2021, Defendants paid these employees their straight-time hourly rates for all hours worked on the face of Defendants' payroll records and did not pay the required time and one-half premium rate for overtime hours worked in excess of forty per workweek.

9. Defendants occasionally paid some of these employees a time and one-half premium rate for weeks in which they worked over 40 hours a week. However, Defendants would arbitrarily stop paying premium rates to employees for hours worked in excess of 40 hours a week and revert to paying straight-time hourly rates.

10. Defendants knew or recklessly disregarded their obligation to pay their employees one and one-half their regular rates for hours worked in excess of forty per workweek. For example, Defendants were aware that home care workers employed by third-party agencies are entitled to overtime. Nonetheless, Defendants simply paid employees straight time for most overtime hours worked, and not the required time and one-half premium rates in the majority of workweeks, yet occasionally paid certain employees at a time and one-half rate.

11. Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act in that Defendants failed to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

12. For example, due to their practice of paying employees their straight time hourly rates for all hours worked, Defendants failed to keep and preserve payroll records for employees for at least three years, including accurate records of employees' total weekly straight-time earnings and total weekly overtime premium pay. 29 C.F.R. §§ 516.2(a), 516.5(a).

WHEREFORE, cause having been shown, the Secretary prays for judgment against Defendants providing the following relief:

(1) For an injunction issued pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants who receive actual notice of any such judgment, from violating the provisions of Sections 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

(2) For judgment pursuant to Section 16(c) of the Act finding Defendants liable for unpaid overtime compensation due to certain of Defendants' current and former employees listed in the attached Schedule A for the period from at least October 20, 2018, through at least


October 9, 2021, and for an equal amount due to certain of Defendants' current and former employees in liquidated damages. Additional amounts of back wages and liquidated damages may also be owed to certain current and former employees of Defendants listed in the attached Schedule A for violations continuing after October 9, 2021, and may be owed to certain current and former employees presently unknown to the Secretary for the period covered by this Complaint, who may be identified during this litigation and added to Schedule A;

(3) For an injunction issued pursuant to Section 17 of the Act restraining Defendants, their officers, agents, employees, and those persons in active concert or participation with Defendants, from withholding the amount of unpaid overtime compensation found due Defendants' employees;

(4) In the event liquidated damages are not awarded, for an Order awarding prejudgment interest computed at the underpayment rate established by the Secretary of the Treasury pursuant to 26 U.S.C. § 6621.

FURTHER, Plaintiff prays that this Honorable Court award costs in his favor, and an order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

| Mailing Address: | **UNITED STATES DEPARTMENT OF LABOR** |
|---|---|
| U.S. Department of Labor<br>Office of the Regional Solicitor<br>1835 Market Street<br>Mailstop SOL/22<br>Philadelphia, PA 19103 | Seema Nanda<br>Solicitor of Labor<br><br>Oscar L. Hampton III<br>Regional Solicitor |

(215) 861-5140 (voice)  
(215) 861-5162 (fax)  
Unger.erik.s@dol.gov  

Date: August 5, 2022

*/s/ Ryan Kooi*  
Trial Attorney  
PA 94126  
NJ 028292004  

*/s/ Erik S. Unger*  
Trial Attorney  
PA 323903  
NJ 303442019  
NY 4670675  

Attorneys for Plaintiff