IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH,<br>SECRETARY OF LABOR,<br>UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>LUCKY'S HOME CARE, LLC,<br>and CHERYL MCMILLER,<br><br>    Defendants. | Civil Action No.  2:22-cv-1144 |

**ORDER OF DEFAULT JUDGMENT AGAINST DEFENDANTS LUCKY'S HOME CARE, LLC AND CHERYL MCMILLER**

AND NOW, this  9th  day of  January , 2022, upon consideration of Plaintiff's Motion for Default Judgment against Defendants Lucky's Home Care, LLC and Cheryl McMiller (collectively, "Defendants") pursuant to Fed. R. Civ. P. 55(b), and all papers submitted in support thereof, it is hereby **ORDERED** that Plaintiff's Motion is **GRANTED**. Therefore, the Court hereby enters an Order of Default Judgment against Defendants for violations of the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, et seq. (hereinafter "the Act") as follows:

1. Defendant Lucky's Home Care, LLC is a Pennsylvania limited liability corporation and is a covered enterprise engaged in the employment of persons in domestic service for profit, commerce or in the production of goods for commerce under 29 U.S.C. §§ 202(a)(5), 203(r), and 203(s)(1)(A) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA").

2. Defendant Cheryl McMiller is jointly and severally liable in her individual capacity as an "employer" under Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

3. Defendants are liable for violations of the Section 7 overtime provisions of the FLSA, 29 U.S.C. § 207(a), by failing to pay their employees an overtime premium for hours worked in excess of forty hours per workweek.

4. Defendants are liable for violations of the Section 11(c) recordkeeping provisions of the FLSA, 29 U.S.C. § 211(c), by failing to make, keep, and preserve adequate and accurate records of their employees, which they maintained as prescribed by the regulations issued and found at 29 C.F.R. Part 516.

5. Defendants' violations of Sections 7 of the FLSA were willful.

6. Pursuant to Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§216(c) and 217, Defendants are enjoined and restraining from withholding gross back wages in the total amount of $142,634.26, and are jointly and severally liable for the payment of $142,634.26 in liquidated damages, due certain employees and former employees of Defendants set forth and identified in Schedule A of the Complaint and made a part hereof.

7. Defendants shall pay gross back wages and liquidated damages in the total amount of $285,268.52 for violations of the overtime provisions of the Act by Defendants during the period beginning October 20, 2018 and ending October 9, 2021, ("relevant period"). The compensation and liquidated damage payments by the Defendants in the amounts as specified above are in the nature of back wages and liquidated damages pursuant to the provisions of the Act. Defendants shall remain responsible for all tax payments considered to be the "employer's share," including, but not limited to, FICA.[1]

---

[1] Defendants shall deliver to the designated representatives of the Plaintiff payment in the amount of $285,268.52 within thirty (30) days of the entry of this Judgment by the Court. Payment may be made online by ACH transfer,

8. Defendants are hereby permanently enjoined and restrained from violating the provisions of Sections 7 and 11(c) of the Act, in any manner, specifically:

    a. Defendants shall not, contrary to Section 7 of the Act, employ any of its employees including, but not limited to, any of his employees working at Lucky's Home Care, LLC, or at any business location owned, operated, and/or controlled by it, and at any other business location at which its employees perform work, in any workweek when they are engaged in commerce or employed in an enterprise engaged in commerce, within the meaning of the Act, for workweeks longer than the hours now, or which in the future become, applicable under Sections 7 and 15(a)(2) of the Act, unless the said employees receive compensation for their employment in excess of the prescribed hours at a rate equivalent to one and one-half times the regular rates applicable to them.

    b. Defendants shall not fail to make, keep, and preserve adequate records of its employees and of the wages, hours, and other conditions and practices of employment maintained by it including, but not limited to, any of its employees working at Lucky's Home Care, LLC, or at any business location owned, operated, and/or controlled by it, and at any other business location at which its employees perform work, as prescribed by the Regulations issued pursuant to Section 11(c) and 15(a)(5) of the Act and found at 29 C.F.R. Part 516.

---

credit card, or debit card by going to https://www.pay.gov/public/form/start/77689032 or www.pay.gov.

Alternatively, payment may be in the form of a certified check, bank check, or money order made payable to the order of "Wage and Hour Division – Labor," and mailed to U.S. Department of Labor, Wage & Hour Division, 1835 Market Street, 19th Floor, Mailstop WHD/19, Philadelphia, PA 19103-2968. The check or money order shall bear the following reference: Case ID# 1950770.

It is further ORDERED, ADJUDGED and DECREED by the Court that:

9. Neither Defendants nor anyone acting on their behalf shall directly or indirectly solicit or accept the return or refusal of any sums paid under this Default Judgment.

10. The filing of this action and the provisions of this Default Judgment shall not, in any way, affect, determine, or prejudice any and all rights of any person specifically named on Schedule A or the Secretary for any period after October 9, 2021, or any persons, be they current or former employees, not specifically named on Schedule A, insofar as such rights are conferred and reserved to said employees by reason of Section 16(b) of the Act.

11. The Secretary retains the right to conduct future investigations of Defendants under the provisions of the FLSA and to take appropriate enforcement action, including assessment of civil money penalties pursuant to Section 16(e) of the FLSA, with respect to any violations disclosed by such investigations.

Dated: 1/9/2023

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge